**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CLARENCE MAY, JR.,

        Petitioner,                  Case No. 05-73337

v.                                      HONORABLE PATRICK J. DUGGAN

MILLICENT WARREN,

        Respondent.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on October 26, 2006.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Clarence May, Jr. ("Petitioner"), presently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for second-degree murder, MICH. COMP. LAWS § 750.317, and felony firearm, MICH. COMP. LAWS § 750.227b. On March 10, 2006, Respondent filed a Motion for Summary Judgment, contending that the petition was not timely filed. Petitioner has filed a response to the Motion. For the reasons which follow, the Court determines the petition was not timely filed and the petition is dismissed with prejudice.

**I. Background**

Following a bench trial in Recorder's Court for the City of Detroit, Petitioner was convicted of the above offenses. On April 26, 1991, he was sentenced to life imprisonment for the second-degree murder conviction, to be served consecutively to two years imprisonment for the felony-firearm conviction.

Petitioner appealed his convictions to the Michigan Court of Appeals, claiming that he was denied due process because the state failed to preserve evidence, that the trial court failed to articulate its reasons for exceeding the guidelines range, and that his life sentence was disproportionate. The Michigan Court of Appeals denied these claims, but also found that the trial court failed to complete the required "Sentencing Information Report Departure Form," and remanded to the trial court for the sole purpose of completing that form. *People v. May, Jr.,* No. 143644 (Mich. Ct. App. Nov. 10, 1993). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which denied leave to appeal. *People v. May, Jr.*, 445 Mich. 907, 519 N.W.2d 890 (Mich. May 17, 1994).

Petitioner filed a motion for resentencing on June 9, 2002.[1] The trial court denied the motion on August 13, 2003. *People v. May*, No. 91-001142-01 (Detroit Recorder's Court Aug. 13, 2003). The Michigan Court of Appeals then denied Petitioner's application for leave to appeal. *People v. May*, No. 254430 (Mich. Ct. App. Aug. 20, 2004). The Michigan Supreme Court also denied Petitioner's application for leave to appeal. *People v. May*, 472

---

[1] The filing of Petitioner's motion for resentencing is not docketed on the trial court's docket sheet submitted by Respondent as part of the Rule 5 materials. However, both parties agree that Petitioner filed his motion for resentencing on June 9, 2002. (*See* Respondent's Br. at 2; Petitioner's Resp. at 2). The Court, therefore, will assume that Petitioner filed his motion on that date.

Mich. 912, 696 N.W.2d 718 (May 31, 2005).

Petitioner filed the pending petition on August 24, 2005.[2]

## II. Discussion

Respondent has filed a Motion for Summary Judgment on the ground that the petition was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), applies to all habeas petitions filed after its effective date of April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions. 28 U.S.C. § 2244. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Where a prisoner's conviction became final prior to the effective date of the AEDPA, the prisoner is permitted one year from the AEDPA's effective date to file a petition for habeas corpus relief in federal court. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999).

In addition, the time during which a prisoner seeks collateral review of a state court conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). The limitations period "is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually

---

[2] Under the prison mailbox rule, a habeas petition is considered filed when it is given to a prison official for mailing. *Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001)(citations omitted). "[A]bsent evidence to the contrary, a federal court will assume that a prisoner gave his habeas corpus petition to prison officials for mailing on the date that he signed it, for the purposes of the AEDPA's one year limitations period." *Id.*

petitions the Supreme Court to review the case." *Abela v. Martin*, 348 F.3d 164, 172 (6th Cir. 2003) (en banc), *cert. denied sub nom. Caruso v. Abela*, 541 U.S. 1070, 124 S. Ct. 2388 (2004). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner's conviction became final before the AEDPA's effective date, April 24, 1996. Therefore, absent state collateral review, Petitioner was required to file his application for habeas corpus relief by April 24, 1997, to comply with the one-year limitations period. Petitioner sought state collateral review of his conviction by filing a motion for resentencing. However, Petitioner's motion for resentencing was not filed until June 9, 2002, over five years after the limitations period already had expired. Thus, the limitations period commenced on April 24, 1996, and continued to run, uninterrupted, until it expired on April 24, 1997. Accordingly, the petition is untimely.

Petitioner concedes that his petition was not filed within the one-year limitations period, but maintains that he is entitled to equitable tolling of the limitations period. (Petition at 6). "Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)(citing *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001)). The Sixth Circuit has identified the following five factors to be considered in determining whether a habeas corpus petitioner is entitled to equitable tolling: (1) the petitioner's lack of notice of the filing

requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap*, 250 F.3d at 1008.

In his petition, Petitioner first argues that the limitations period should be equitably tolled because he lacked notice of the filing requirement. It is well-established "that 'ignorance of the law alone is not sufficient to warrant equitable tolling.'" *Allen*, 366 F.3d at 403 (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). This is so even when the petitioner is acting *pro se* and is uneducated in the law. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Thus, Petitioner's claim of ignorance of the statute of limitations, by itself, is insufficient to warrant habeas relief.

Second, Petitioner argues that he is entitled to equitable tolling because the courts had not settled the question of the proper application of the AEDPA's one-year limitations period at the time his direct appeal concluded. The Sixth Circuit Court of Appeals clarified the proper application of the one-year limitations period to petitioners whose convictions became final prior to the AEDPA's effective date in *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *vacated on other grounds by Brown v. O'Dea*, 530 U.S. 1257, 120 S. Ct. 2715 (2000). That opinion was issued on August 5, 1999. Petitioner, however, did not file his motion for resentencing in the trial court until almost three years later, in June 2002. Petitioner could not have reasonably remained ignorant of the application of the limitations period to his case until June 2002, because he had constructive knowledge of its application.

Finally, Petitioner claims that he was not aware of the factual basis underlying his claims until "well after the appeal of right was completed and appellate counsel turned over his file to Petitioner." (Petition at 7). While Petitioner argues that this entitles him to equitable tolling of the limitations period, he is actually arguing that the one-year limitations period did not commence until he discovered the factual basis underlying his claims.[3] The one year limitations period commences on the latest of several events, including "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Petitioner's habeas claims center around the issuance of two Sentencing Information Reports by the trial court, which cited different guideline sentence ranges. Petitioner argues that he did not learn that two Sentencing Information Reports were prepared and apparently filed in the court file until after appellate counsel turned over his file. A habeas petitioner bears the burden of establishing that he exercised due diligence in discovering the factual predicate of his claim. *Stokes v. Leonard*, 36 Fed. Appx. 801, 804 (6th Cir. 2002) (citing *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir. 2001)). "An application that 'merely alleges that the applicant did not actually know the facts underlying his . . . claim' is insufficient to show due diligence." *Id.* (quoting *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997)).

In this case, Petitioner states that he did not learn the factual predicate for his claims,

---

[3] Although § 2244(d)(1)(D) involves the *commencement* rather than *tolling* of the limitations period, some courts nevertheless have referred to § 2244(d)(1)(D) as tolling the limitations period. *See Granger v. Hurt*, 90 Fed. Appx. 97, 99 (6th Cir. 2004).

that two Sentencing Information Reports were issued, until after conclusion of his direct appeal. Petitioner's direct appeal concluded in 1994. Petitioner did not file an application for state court collateral review until 2002. Petitioner fails to state when during that eight-year period he received his appellate attorney's file. In addition, other than a conclusory statement that he did not learn of the factual predicate until after conclusion of his state court direct appeal, Petitioner fails to provide any support for a claim of due diligence. Thus, the Court finds that Petitioner has failed to show that, exercising due diligence, he could not have discovered the factual predicate underlying his habeas claims within the one-year grace period provided to prisoners whose convictions became final prior to the AEDPA's effective date.

## III. Conclusion

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period, and that equitable tolling of the limitations period is not warranted.

Accordingly,

**IT IS ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Clarence May, Jr., #216367
Thumb Correctional Facility
3225 John Conley Dr.
Lapeer, MI 49446

Brad H. Beaver, A.A.G.